UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HERBERT C.M. HOOVER,**

    **Plaintiff,**

v.                                                           **Case No. 8:02-cv-478-T-23TBM**

**BANK OF AMERICA**
**CORPORATION,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff Herbert Hoover's Petition for Award of Attorney's Fees** (Doc. 102). By his motion, Plaintiff seeks attorney's fees in the amount of $47,680.00 for 238.40 hours of work expended on appeal at a rate of $200 per hour. Defendant filed a response in opposition (Doc. 105).

Previously, this court entered an Order (Doc. 78) granting summary judgment in Plaintiff's favor and subsequently awarded attorney's fees to Plaintiff in the amount of $80,563.50 together with $1,673.90 in costs. See (Doc. 97). On appeal, the Eleventh Circuit Court of Appeals affirmed the judgment of the district court, see (Doc. 93); granted the Plaintiff/Appellee's motion for appellate attorney's fees as to entitlement, see (Doc. 101); and remanded the matter to this court for a determination of a reasonable amount of fees to be awarded. See id.

As discussed in the undersigned's previous Report and Recommendation (Doc. 96) concerning fees, the court must apply the lodestar approach in making a determination as to the appropriate amount of fees, that is, multiplying the number of hours reasonably expended by a reasonable hourly rate.  See (Doc. 96 at 9-10).[1]  This court previously found that the hourly rate of $200 requested by Mr. Mitchell is on the low end of hourly rates generally charged by lead counsel in this market in ERISA cases, and Defendant again does not object to the hourly rate.  See id. at 10.  Thus, the court again finds $200 per hour a reasonable rate for Mr. Mitchell's services on appeal.

With respect to the hours claimed by Plaintiff's counsel, Defendant urges that the amount of fees sought is excessive in light of the fact that all of the issues raised on appeal had been previously briefed to the district court, including the legislative history of the rule of parity.  Upon review of the parties' respective appellate briefs,[2] as well as the record of the proceedings before this court, I agree and find that counsel claims excessive hours, especially those related to researching legal issues previously addressed in the long history of this litigation, brief writing, and preparation for oral argument.  With all due respect to counsel, who did a fine job on behalf of his client, the total hours sought are excessive in light of the prior work done on these same issues and unreasonable in the exercise of good billing judgment.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Duckworth v. Whisenant, 97

---

[1]To the extent it is necessary to do so, the court adopts and incorporates by reference herein all its earlier findings as set forth in the Report and Recommendation (Doc. 96).

[2]The appellate briefs are available online at 2004 WL 3252511, 2004 WL 3252510, 2004 WL 3252512.

F.3d 1393, 1397 (11th Cir. 1996); Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988). After a review of each entry in the application, I find that the total hours billed should be reduced by one-third or 79.46 hours. Based on this reduction, Plaintiff's counsel is awarded fees in the total amount of $31,788.00 (for 158.94 hours at $200.00 per hour).

Accordingly, it is **ORDERED** that **Plaintiff Herbert Hoover's Petition for Award of Attorney's Fees** (Doc. 102) is **GRANTED** to the extent that Plaintiff is awarded $31,788.00 in attorney's fees for work related to the appeal of this cause. The motion is **DENIED** in all other respects.

**Done and ordered** at Tampa, Florida, this 24th day of August 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record